United States District Court
Southern District of Texas
FILED

JUL 0 7 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DARRELL L. HOLLAND and BOBBIE HOLLAND, PLAINTIFFS | § § § § § | |
| VS. | § § § | CIVIL ACTION NO. **B-03-121** |
| ZC STERLING INSURANCE AGENCY, INC., EMPIRE INDEMNITY INSURANCE COMPANY, DEFENDANTS | § § § § | |

DEFENDANTS ZC STERLING INSURANCE AGENCY, INC. AND EMPIRE
INDEMNITY INSURANCE COMPANY
**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

Defendants, ZC Sterling Insurance Agency, Inc. ("Sterling") and Empire Indemnity Insurance

Company ("Empire") by and through its counsel, Roland Leon, pursuant to *28 U.S.C. § 1441 and*

*28 U.S.C. § 1446*, hereby remove cause number 2003-06-002913-G, captioned, *Darrell L. Holland*

*and Bobbie Holland v. ZC Sterling Insurance Agency, Inc., Empire Indemnity Insurance Company*,

from the District Court of the 404th Judicial District, Cameron County, Texas, to the United States

District Court for the Southern District of Texas, Brownsville Division.  As grounds thereof, the

Defendants Sterling and Empire states:

---

I.

1.    The citation and petition in this action were served on June 9, 2003 on Sterling. *(Exhibit 2, Confirmation of Service of Process)*.  Empire has not been served but entered an appearance in the state action at the same time that Sterling answered. *(Exhibit 4, Defendants Original Answer)*.  This notice of removal is filed within 30 days of receipt of the petition and is timely filed under *28 U.S.C. § 1446(b)*.    Any civil action of which the district courts of the United States have original jurisdiction may be removed from state court to federal court. *28 U.S.C. § 1441(a)*.  The district courts of the United States have original jurisdiction of all actions between citizens of a state and citizens or subjects of a foreign state. *28 U.S.C. § 1332(a)(2)*.

2.    The present action is between Texas citizens and citizens of foreign states.  None of the defendants is a citizen of Texas, in that:

   a.    Defendant Sterling is a California corporation with its principal place of business at 9800 Muirlands Blvd., Irvine, California 9268. *(Exhibit 1, Affidavit of Chapman)*; and

   b.    Defendant Empire is an Oklahoma corporation with its principal place of business at 13810 FNB Parkway, Omaha, Nebraska. *(Exhibit 1, Affidavit of Chapman)*.

III.

3.    It is facially apparent from the petition that the amount in controversy in this action exceeds $75,000 exclusive of interest and costs.  See *28 U.S.C.A. § 1332; Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

   a.    The Plaintiffs' Original Petition does not state an amount in controversy other than the

assertion that the Plaintiff seeks damages "in an amount in excess of the jurisdictional limits of this court." (Exhibit 3, Plaintiffs' Original Petition); *See Texas Rules of Civil Procedure Rule 47 (B)*. Where plaintiffs fail to specify the amount in controversy, the court may determine that the removal to federal court is proper if it is facially apparent that the claims are likely above $75,000. *28 U.S.C.A. § 1332; Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995); *Luckett v. Delta Airlines, Inc. 171 F.3rd 295 (5th Cir. 1999)* (the court finding that it was facially apparent that the claims were likely above $75,000 when the plaintiff as a passenger of Delta Airlines sought unspecified damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization).

b.   This is an action for breach of contract, violation of the duty of good faith and fair dealings, unconscionability, violation of the *Texas Deceptive Trade Practices*, and violation of Articles 21.21 and 21.55 o f t he *Texas Insurance Code*. (Exhibit 3, Plaintiffs' Original Petition). Moreover, Plaintiffs seek statutory penalties, multiple damages, attorney's fees and exemplary damages. (Exhibit 3, Plaintiffs' Original Petition).

c.   Plaintiffs allege that they discovered water damage and resulting damage to their home and property. As a result, Plaintiffs allege that their home and property sustained structural damage to their home. The alleged damage in the areas of the home include the cost of destruction and restoration of the home necessary to access,

remediate, repair and restore the house, (Exhibit 3, Plaintiffs' Original Petition).

d.      Defendant Sterling is the Program Manager for Empire. Empire provided insurance for the dwelling in question subject to the terms, conditions, exclusions and limitations of the policy. The limit of coverage is $98,000 for the policy period of June 19, 2002 to June 19, 2003, (Exhibit 1, Affidavit of R. Mark Chapman).

e.      Plaintiffs are the additional insureds under Empire's Insurance Policy. (Exhibit 1, Affidavit of R. Mark Chapman). Assuming that the plaintiffs could prove all of the allegations of their Complaint and that the defendants had no defenses, the plaintiffs could recover an amount exceeding $75,000.

f.      Defendants intend to argue that the alleged claims are not covered loses under the Insurance Policy due to exclusions and limitations within the policy. If these exclusions applied, the amount recovered may not exceed $75,000. However, the amount in controversy is determined from the plaintiffs' point of view and assumes the success of all claims and the failure of all defenses. *Goss v. San Jacinto Junior College, 588 F.2d 96* (5th Cir. 1979); *Le Blanc v. Colonial Pipeline Company, 49 F. Supp.2d 922* (E.D.TEX. 1999). Accordingly, under Texas law, the plaintiffs could recover an amount exceeding $75,000.

4.      This Notice of Removal is filed by Defendants Sterling and Empire. No other Defendants are parties. (Exhibit 3, Plaintiffs' Original Petition).

5.      Pursuant to *28 U.S.C. § 1446(d)*, a copy of this Notice of Removal has been filed with

the Clerk of the District Court for the 404th Judicial District, Cameron County, Texas,

in Cause Number 2003-06-002913-G; *Darrell L. Holland and Bobbie Holland v. ZC*

*Sterling Insurance Agency, et al.* Also pursuant to *28 U.S.C. § 1446(d)*, a copy of this

Notice of Removal has been mailed to Ricardo M. Adobbati, LAW OFFICES OF

RICARDO M. ADOBBATI, 134 East Price Road, Brownsville, TX 78521 attorneys of

record for the plaintiffs, at the addresses shown on the attached certificate of mailing.

6.      Trial of this matter has not been set and Defendants demand a trial by jury.

WHEREFORE, pursuant to this Notice of Removal and *28 U.S.C. § 1441*, Defendants Sterling

and Empire respectfully request that this Court assume jurisdiction of this case for all purposes.

Dated this _____ day of July, 2003.

Respectfully submitted,


Roland Leon
State Bar No.
Federal I.D. No.
Attorney-in-Charge for Defendants
ZC Sterling Insurance Agency and
Empire Indemnity Insurance Company
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590

**OF COUNSEL:**
**BARKER, LEON, FANCHER & MATTHYS,**
**L.L.P.**

## CERTIFICATE OF SERVICE

I certify that on July 1, 2003, a complete and correct copy of **Defendants STERLING AND EMPIRE NOTICE OF REMOVAL** was served on each party by delivery to the following attorneys of record in the manner indicated below:

**Via Certified Mail and Facsimile**
Ricardo M. Adobbati
**LAW OFFICES OF RICARDO M. ADOBBATI**
134 East Price Road
Brownsville, TX 78521

Roland Leon

## CAUSE NO. 2003-06-002913-G

| | | |
|---|---|---|
| DARRELL L. HOLLAND | § | IN THE DISTRICT COURT |
| and BOBBIE HOLLAND, | § | |
|     **Plaintiffs** | § | |
| | § | |
| VS. | § | CAMERON COUNTY T E X A S |
| | § | |
| | § | |
| ZC STERLING INSURANCE AGENCY | § | |
| INC., EMPIRE INDEMNITY INSURANCE | § | |
| COMPANY, | § | |
|     **Defendants** | § | 404ᵗʰ JUDICIAL DISTRICT |

### AFFIDAVIT OF R. MARK CHAPMAN

| | |
|---|---|
| COUNTY OF COBB | § |
| | § |
| STATE OF GEORGIA | § |

**BEFORE ME,** the undersigned authority, personally appeared R. Mark Chapman, who, being by me duly sworn, deposed and said:

1.     My name is R. Mark Chapman.  I am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts stated in it.

2.     I am a Senior Vice President of ZC Sterling Insurance Agency, Inc., and by virtue of my position within the company as well as length of employment with the company, I have personal knowledge of the following facts:

        a)     ZC Sterling Insurance Agency, Inc. is the Program Manager for Empire Indemnity Insurance Company.

*Affidavit of R. Mark Chapman*
*Holland, et ux vs. ZC Sterling Insurance Agency, Inc., et al*
*Page 1*

b)  Empire Indemnity Insurance Company provided property insurance to a dwelling at 21 Casas de Palmas, Brownsville, Texas 78521 with limits of $98,000.00 for the policy period of June 19, 2002 to June 19, 2003, subject to the terms, conditions, exclusions and limitations of the policy.

c)  ZC Sterling Insurance Agency, Inc. is the custodian of the records attached to this affidavit, to wit, Empire Indemnity Insurance Company Policy No. RFR 721559-1 (hereinafter referred to as the Insurance Policy).

d)  The Insurance Policy attached to this affidavit is kept in the regular course of ZC Sterling Insurance Agency, Inc.'s business.  It was the regular course of that business for an employee or representative of the business with knowledge of the act, event, condition, or opinion recorded to keep these records or to transmit information thereof to be included in such records.  The records were made at or near the time of the act, event, condition, or opinion recorded, or reasonably soon thereafter.  The attached records are true and correct and duplicates of the originals.

e)  Empire Indemnity Insurance Company is an Okalahoma corporation with its principal place of business at 13810 FNB Parkway, Omaha, Nebraska 68154.

f)  ZC Sterling Insurance Agency, Inc. is a California corporation with its principal place of business at 9800 Muirlands Blvd., Irvine, California 92618.

Further Affiant sayeth naught.

R. Mark Chapman
Senior Vice President
ZC Sterling Insurance Agency, Inc.,
As Program Manager for Empire Indemnity
Insurance Company

Sworn to and subscribed to before me on this 1st day of July, 2003.

_____ NOTARY PUBLIC

_____ Printed Name:
Renee Aleshire                My Commission Expires: 1/17/04

**CHASE**

**Chase Manhattan Mortgage Corporation**

P.O. Box 57012
Irvine, CA 92619-7012

BARBARA B HOLLAND
DARRELL L HOLLAND
10 CASA DE AMIGOS
BROWNSVILLE, TX 78521-2739

EIP00000 0401

**CHASE**

Chase Manhattan Mortgage Corporation

P.O. Box 57012
Irvine, CA 92619-7012

Notification Date:   11/14/02

BARBARA B HOLLAND
DARRELL L HOLLAND
10 CASA DE AMIGOS
BROWNSVILLE, TX 78521-2739

RE:  Loan Number:  10571941

Property Location:   21 CASAS DE PALMAS, BROWNSVILLE, TX  78521

Dear Customer:

Enclosed is an insurance policy we have purchased in accordance with your mortgage documents and/or Deed of Trust. Your **real property (dwelling)** is now insured by **Empire Indemnity Insurance Company**. The annual premium is shown on the declaration page. Your monthly mortgage payment may be increased to include the cost of this policy.

In the mortgage documents you signed, you agreed to keep insurance on your property. Failure to do so is a breach of the requirements of your mortgage. We purchased this policy for you because we did not receive proof that you have obtained insurance. This policy insures your **real property (dwelling)** only. It does not protect your **personal property**, nor does it provide you with **liability protection** of any kind.

Any policy we purchase on your behalf may be canceled at any time by giving us proof of other insurance. You will then be charged only for the days that this policy was needed.

This policy may be canceled at any time by giving us proof of other acceptable insurance. You have the right to purchase insurance from the insurance company of your choice. **PLEASE CONTACT YOUR AGENT OR COMPANY AND PURCHASE COVERAGE.** If you have already done so, request proof of coverage. Send it to us at the address shown below. Please be sure your policy includes a Mortgagee Clause or Lenders Loss Payable Endorsement made out to:

CHASE MANHATTAN MORTGAGE CORP.
ITS SUCCESSORS AND/OR ASSIGNS, ATIMA
P. O. BOX 57012
IRVINE, CA 92619-7012

Upon prompt receipt of your policy, this policy will be canceled.  You will be charged only for the days that this policy was needed.

The amount of insurance shown on the policy is based on the last known amount of coverage on your lapsed policy.  If you have information indicating that the amount should be different, please notify us. This request must be in writing and should be sent to the address shown above. Please put your loan number on your letter.

EIP10000 0401                                                                                                    PAGE 1

Since this policy will insure your property without inspection, the cost may be much higher than the amount you would normally pay. The coverage provided may be less than you had before.

We have incurred expenses in placing both the insurance binder and policy. Such expenses are recoverable by us as stated in your loan documents. Part of the policy premium may be used by **Empire Indemnity Insurance Company** to reimburse us for these expenses.

If you have any questions, please call our Insurance Services Department at (800) 310-4287. For fastest service, we invite you to contact us during our non peak hours of 6:00 A.M. to 11:00 A.M. (PT) Wednesday through Friday. For your convenience, we are also available Monday - Friday from 6:00 A.M. to 5:00 P.M. (PT).  Your call may be monitored for quality assurance.

Sincerely,


Insurance Services Department

EMPIRE INDEMNITY INSURANCE COMPANY
13810 FNB Parkway
Omaha, NE 68154-5202

Post Office Box 57012
Irvine, CA 92619-7012

## Additional Named Insured Certificate

NOTIFICATION DATE:    11/14/02

LOAN NUMBER: 10571941

**ADDITIONAL NAMED INSURED**
BARBARA B HOLLAND
DARRELL L HOLLAND
10 CASA DE AMIGOS
BROWNSVILLE, TX 78521-2739

**NAMED INSURED MORTGAGEE**
CHASE MANHATTAN MORTGAGE CORP.
ITS SUCCESSORS AND/OR ASSIGNS, ATIMA
P. O. BOX 57012
IRVINE, CA 92619-7012

| | | Amount of Insurance | Annual Premium |
|---|---|---|---|
| **POLICY NUMBER:** RFR721559-1 | Dwelling | $ 98,000 | $ 1,205.00 |
| | Personal Property Endorsement | $ 0 | $ 0.00 |
| **POLICY TERM:** 12 MONTHS | Additional Living Expense Endorsement | $ 0 | $ 0.00 |
| FROM  06/19/02    TO   06/19/03 | Other Endorsements | | $ 0.00 |

☐ NOON    ☒ 12:01 A.M.

**Deductible - per loss**
Wind/Hail    $ 2,000 or 2% of insured amount, whichever is greater

Vandalism & Malicious Mischief
  Property is VACANT at time of loss    $ 1,000
  Property is NOT VACANT at time of loss    $ 500

**DESCRIBED LOCATION** (if different from mailing address)
21 CASAS DE PALMAS
BROWNSVILLE, TX 78521

  All Other Covered Losses    $ 250

| | | Limit of Liability | Annual Premium |
|---|---|---|---|
| **ENDORSEMENTS** ATTACHED AND FORMING A PART OF THE POLICY. RP1192 (0101),RP1200 (0397),RP1201 (0397), IL1596 (0200),IL1597 (0200),RP2000 (1001) | Personal Liability Endorsement | $ 0 | $ 0.00 |
| | Medical Payments | $ 0 | |
| | SURPLUS LINES TAX    4.85 % | | $ 58.44 |
| | STAMPING FEE    0.25 % | | $ 3.01 |
| | ANNUAL TOTAL CHARGES | | $ 1,266.45 |

"THIS INSURANCE CONTRACT IS WITH AN INSURER NOT LICENSED TO TRANSACT INSURANCE IN THIS STATE AND IS ISSUED AND DELIVERED AS A SURPLUS LINES COVERAGE PURSUANT TO THE TEXAS INSURANCE STATUTES. THE STATE BOARD OF INSURANCE DOES NOT AUDIT THE FINANCES OR REVIEW THE SOLVENCY OF THE SURPLUS LINES INSURER PROVIDING THIS COVERAGE, AND THIS INSURER IS NOT A MEMBER OF THE PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION CREATED UNDER ARTICLE 21.28-C, INSURANCE CODE. ARTICLE 1.14-2, INSURANCE CODE, REQUIRES PAYMENT OF 4.85 PERCENT TAX ON GROSS PREMIUM."

_Charles D. Helton_
_____
Countersigning Agent
(if required by State Insurance Law)

AGENT NAME AND ADDRESS:
CHARLES D. HELTON
400 S. INDUSTRIAL, SUITE 300
EULESS, TX 76040
800.888.3008

RP 1192 0101    PAGE 1 of 2

**Personal Property and Personal Liability Coverages** - If an Amount of Insurance and a premium charge are shown for this coverage, we will cover your personal property in the Dwelling against the perils specified in the Personal Property Endorsement. If a Limit of Liability and a premium charge is shown for this coverage, we will also cover your personal liability. Please refer to the applicable endorsement for a description of the type and scope of coverage provided. These endorsements are available only for a residence that is owner occupied. **These coverages are void if the residence is vacant or occupied by someone other than the Additional Named Insured shown above.**

**DEDUCTIBLES:** Please refer to the deductibles shown for the coverages provided by this policy.

Subject to the terms and provisions of the Mortgage Service Program, Residential Property Mortgagee's Policy, including but not limited to the Dwelling Coverage Form attached hereto, it is agreed that the insurance applies to the property described above and to any person shown as an Additional Named Insured with respect to such property, subject to the following additional provisions:

(a)  The above Named Insured Mortgagee is authorized to act for such Additional Named Insureds in all matters pertaining to this insurance including receipt of Notice of Cancellation; and return premium, if any.                                                                        (b) The above Named Insured Mortgagee is authorized to advance all funds to be recovered from the Additional Named Insured for the insurance afforded.
(c)  Loss, if any, shall be adjusted with and payable to the above Named Insured Mortgagee, and the Additional Named Insured as their interest may appear, either by a single instrument so worded or by separate instruments payable respectively to the Named Insured Mortgagee and the Additional Named Insured, at the company's option.

# Table of Contents

Page(s) #

AGREEMENT ............................................................................................ 1

DEFINITIONS........................................................................................... 1

COVERAGES ........................................................................................... 1

OTHER COVERAGES.......................................................................... 1-2

PERILS INSURED AGAINST ............................................................. 2-3

GENERAL EXCLUSIONS ................................................................... 3-4

CONDITIONS........................................................................................ 4-6

RESIDENTIAL PROPERTY

# Dwelling Coverage Form

## AGREEMENT

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

## DEFINITIONS

In this policy, "you" and "your" refer to the "Named Insured Mortgagee" and the "Additional Named Insured" shown in the Declarations. "We", "us" and "our" refer to the Company providing this insurance.

## COVERAGES

This insurance applies to the Described Location, Coverages for which an Amount of Insurance is shown and Perils Insured Against for which a Premium is stated.

**COVERAGE A - Dwelling**

We cover:

1.  the dwelling on the Described Location shown in the Declarations, used principally for dwelling purposes not to exceed four (4) living units, including, but not limited to, individually owned townhouses or permanently situated mobile homes;
2.  structures attached to the dwelling;
3.  materials and supplies located on or next to the Described Location used to construct, alter or repair the dwelling or other structures on the Described Location; and
4.  if not otherwise covered in this policy, building equipment, and outdoor equipment used for the service of and located on the Described Location.

This coverage does not apply to land, including land on which the dwelling is located.

**COVERAGE B - Other Structures**

We cover other structures on the Described Location, set apart from the dwelling by clear space. This includes structures connected to the dwelling by only a fence, utility line, or similar connection.

This coverage does not apply to land, including land on which the other structures are located.

We do not cover other structures:
1.  used in whole or in part for commercial, manufacturing or farming purposes; or
2.  rented or held for rental to any person not a tenant of the dwelling, unless used solely as a private garage.

## OTHER COVERAGES

1.  **Other Structures.** You may use up to 10% of the Coverage A amount of insurance for loss by a Peril Insured Against to other structures described in Coverage B.

Use of this coverage does not reduce the Coverage A amount of insurance for the same loss.

2.  **Debris Removal.** We will pay your reasonable expense for the removal of:
    a.  debris of covered property if a Peril Insured Against causes the loss; or
    b.  ash, dust or particles from a volcanic eruption that has caused direct loss to a building or property contained in a building.

    Debris removal expense is included in the amount of insurance applying to Coverage A.

3.  **Reasonable Repairs.** In the event that covered property is damaged by an applicable Peril Insured Against, we will pay the reasonable cost incurred by you for necessary measures taken solely to protect against further damage. If the measures taken involve repair to other damaged property, we will pay for those measures only if that property is covered under this policy and the damage to that property is caused by an applicable Peril Insured Against.

This coverage:

    a.  does not increase the amount of insurance that applies to the covered property;

    b.  does not relieve you of your duties, in case of a loss to covered property, as set forth in Condition 4.b.

Reasonable Repairs is included in the amount of insurance applying to Coverage A.

4.  **Collapse.**  We insure for risk of direct damage physical loss to covered property involving collapse of a building or any part of a building caused only by one or more of the following:

    (1)  hidden decay;

    (2)  hidden insect or vermin damage;

    (3)  weight of contents, equipment, animals or people;

    (4)  weight of rain which collects on a roof;

    (5)  use of defective material or methods in construction, remodeling or renovation if the collapse occurs during the course of the construction, remodeling or renovation.

Loss to an awning, fence, patio, pavement, swimming pool, underground pipe, flue, drain, cesspool, septic tank, foundation, retaining wall, bulkhead, pier, wharf or dock is not included under items (1),(2),(3),(4) or (5) unless the loss is a direct result of the collapse of a building.

Collapse does not include settling, cracking or shrinking.

This coverage does not increase the amount of insurance applying to the damaged covered property.

---

## PERILS INSURED AGAINST

**COVERAGE A - DWELLING**
**COVERAGE B - OTHER STRUCTURES**

We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property; however, we do not insure loss:

1.  involving collapse, other than as provided in Other Coverages 4.;

2.  caused by:

    a.  freezing of a plumbing, heating, air conditioning or automatic fire protective sprinkler system or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing.  This exclusion applies only while the dwelling is being constructed;

    b.  freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a:

        (1)  fence, pavement, patio or swimming pool;

        (2)  foundation, retaining wall or bulkhead; or

        (3)  pier, wharf or dock;

    c.  theft of property not part of a covered building or structure;

    d.  theft in or to a dwelling or structure under construction;

    e.  wind, hail, ice, snow or sleet to outdoor radio or television antennas and aerials including lead-in wiring, masts or towers;

    f.  constant or repeated seepage or leakage of water or steam over a period of weeks, months or years from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system or from within a household appliance;

    g.  (1)  wear and tear, marring, deterioration;

        (2)  inherent vice, latent defect, mechanical breakdown;

        (3)  smog, rust or other corrosion, mold, wet or dry rot;

        (4)  smoke from agricultural smudging or industrial operations;

        (5)  discharge, dispersal, seepage, migration, release or escape of pollutants;

        Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed;

        (6)  settling, shrinking, bulging or expansion, including resultant cracking, or pavements, patios, foundations, walls, floors, roofs or ceilings; or

        (7)  birds, vermin, rodents, insects or domestic animals.

    If any of these cause water damage not otherwise excluded, from a plumbing, heating, air conditioning or automatic fire protective sprinkler system or household appliance, we cover loss by the water including the cost of tearing out and replacing any part of a building necessary to repair

3. excluded under General Exclusions.

Under items 1 and 2, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

## GENERAL EXCLUSIONS

1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
   a. **Ordinance or Law,** meaning enforcement of any ordinance or law regulating the use, construction, repair, or demolition of a building or other structure, unless specifically provided under this policy.
   b. **Earth Movement,** meaning earthquake including land shock waves or tremors before, during or after a volcanic eruption; landslide; mine subsidence; mudflow; earth sinking; rising or shifting; unless direct loss by:
      (1) fire;
      (2) explosion; or
      (3) breakage of glass or safety glazing material which is part of a building, storm door or storm window;
      ensues and then we will pay only for the ensuing loss.
   c. **Water Damage,** meaning:
      (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;
      (2) water which backs up through sewers or drains or which overflows from a sump; or
      (3) water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.
      Direct loss by fire or explosion resulting from water damage is covered.
   d. **Power Failure,** meaning the failure of power or other utility service if the failure takes place off the Described Location. But, if a Peril Insured Against ensues on the Described Location, we will pay only for that ensuing loss.
   e. **Neglect,** meaning your neglect to use all reasonable means to save and preserve property at and after the time of a loss.
   f. **War,** including undeclared war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon will be deemed a warlike act even if accidental.
   g. **Nuclear Hazard,** to the extent set forth in the Nuclear Hazard Clause of the Conditions.
   h. **Intentional Loss,** meaning any loss arising out of any act committed:
      (1) by or at the direction of you or any person or organization named as an additional insured; and
      (2) with the intent to cause a loss.

2. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.
   a. **Weather conditions.** However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph 1. above to produce the loss;
   b. **Acts or decisions,** including the failure to act or decide, of any person, group, organization or governmental body;
   c. **Faulty, inadequate or defective:**
      (1) planning, zoning, development, surveying, siting;
      (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
      (3) materials used in repair, construction, renovation or remodeling; or
      (4) maintenance;
   of part or all of any property whether on or off the Described Location.

3. We do not insure trees, shrubs or other plants for losses of any kind.

1. **Policy Period.** This policy applies only to loss which occurs during the policy period.

2. **Insurable Interest and Amount of insurance.** Even if more than one person has an insurable interest in the property covered, we will not be liable in any one loss:
   a. for an amount greater than the interest of a person insured under this policy; or
   b. for more than the applicable amount of insurance.

   If the Described Property is vacant and the mortgage on the property has been declared in default by the mortgagee at the time of a loss, we shall be liable for no more than the Mortgagee's interest in the property at the time of loss.

   The mortgagee's interest is represented by the mortgagor's unpaid balance, less unearned interest and finance charges, less unearned insurance premiums, less collection and foreclosure expenses, and less late charges and penalties added to the mortgagor's unpaid balance after the inception date of this policy.

3. **Concealment or Fraud.** The entire policy will be void if, whether before or after a loss, you have:
   a. intentionally concealed or misrepresented any material fact or circumstance;
   b. engaged in fraudulent conduct; or
   c. made false statements;
   relating to this insurance.

4. **Your Duties After Loss.** In case of a loss to your covered property, you must see that the following are done:
   a. give prompt notice to us or our agent;
   b. (1) protect the property from further damage;
      (2) make reasonable and necessary repairs to protect the property; and
      (3) keep an accurate record of repair expenses;
   c. as often as we reasonably require:
      (1) show the damaged property;
      (2) provide us with records and documents we request and permit us to make copies; and
      (3) submit to examination under oath, while not in the presence of any other named insured, and sign the same;
   d. send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
      (1) the time and cause of loss;
      (2) your interest and that of all others in the property involved and all liens on the property;
      (3) other insurance which may cover the loss;
      (4) changes in title or occupancy of the property during the term of the policy;
      (5) specifications of damaged buildings and detailed repair estimates;

5. **Loss Settlement.** Covered property losses are settled as follows:
   a. (1) Awnings, carpeting, household appliances, outdoor antennas and outdoor equipment, whether or not attached to buildings; and
      (2) Structures that are not buildings;
      at actual cash value at the time of loss but not more than the amount required to repair or replace.
   b. Buildings under Coverage A or B at replacement cost without deduction for depreciation, subject to the following:
      (1) We will pay the cost to repair or replace, after application of deductible and without deduction for depreciation, but not more than the least of the following amounts:
         (a.) the amount of insurance under this policy that applies to the building;
         (b.) the replacement cost of that part of the building damaged for like construction and use on the same premises; or
         (c.) the necessary amount actually spent to repair or replace the damaged building.
      (2) We will pay no more than the actual cash value of the damage unless:
         (a) actual repair or replacement is complete; or
         (b) the cost to repair or replace the damage is both:
            (i) less than 5% of the amount of insurance in this policy on the building; and
            (ii) less than $2,500.

(3) You may disregard the replacement cost loss settlement provision and make claim under this policy for loss or a~ to buildings on an actual cash valu as. You may then make claim within 180 days after loss for any additional liability on a replacement cost basis.

6. **Glass Replacement.** Loss for damage to glass caused by a Peril Insured Against will be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

7. **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the Described Location is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

   Each party will:
   a. Pay its own appraiser; and
   b. bear the other expenses of the appraisal and umpire equally.

8. **Other Insurance.** If property covered by this policy is also covered by other fire insurance, we will pay on an excess basis only.

9. **Subrogation.** You may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

   If any assignment is sought, the person insured must sign and deliver all related papers and cooperate with us.

10. **Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

11. **Our Option.** If we give you written notice within 30 days after we receive your signed, sworn proof of loss, we may repair or replace any part of the damaged property with like property.

12. **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:
    a. reach an agreement with you;
    b. there is an entry of a final judgment; or
    c. there is a filing of an appraisal award with us.

    No coverage will be available to any mortgagee other than that shown as the Named Insured Mortgagee on the Declarations page of this policy.

13. **Abandonment of Property.** We need not accept any property abandoned by you.

14. **No Benefit to Bailee.** We will not recognize any assignment or grant any coverage that benefits a person or organization holding, storing or moving property for a fee regardless of any other provision of this policy.

15. **Cancellation.**
    a. Coverage under this policy shall automatically and without prior notice cancel when the Named Insured Mortgagee no longer has an interest in the Described Property or when the Named Insured Mortgagee has been provided with another policy by the Additional Named Insured that meets the requirements of the Named Insured Mortgagee as set forth in the mortgage agreement applicable to the Described Property.
    b. This policy may be canceled by the Named Insured Mortgagee by returning the policy to us or notifying us in writing the date cancellation is to become effective.
    c. We may cancel this policy only for the reasons stated below by letting you know in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the declarations.

    Proof of mailing will be sufficient proof of notice.

(1) We may cancel this policy by mailing notice of cancellation to the Additional Named Insured at the address shown the Additional Named Insured Endorsement, or by delivering the notice not less than 30 days prior to the effective date of the cancellation.

    (2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by letting you know at least 10 days before the date cancellation takes effect.

    (3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel:

        (a) if there has been a material misrepresentation of fact which if known to us would have caused us not to issue the policy, or

        (b) if the risk has changed substantially since the policy was issued.

        This can be done by letting you know at least 30 days before the date cancellation takes effect.

    (4) When this policy is written for a period of more than one year, we may cancel for any reason at anniversary by letting you know at least 30 days before the date cancellation takes effect.

  d. When this policy is canceled, the premium for the period from the date of cancellation to the expiration date will be refunded pro rata.

  e. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

**16. Non-Renewal.** We may elect not to renew this policy. We may do so by delivering to the Additional Named Insured, or mailing to the Additional Named Insured at the mailing address shown on the Additional Named Insured Endorsement, written notice at least 30 days before the expiration date of this policy. Proof of mailing will be sufficient proof of notice.

**17. Liberalization Clause.** If we make a change which broadens coverage under this edition of our policy without additional premium charge, that change will automatically apply to your insurance as of the date we implement the change in your state, provided that this implementation date falls within 60 days prior to or during the policy period stated in the Declarations.

This Liberalization Clause does not apply to changes implemented through introduction of a subsequent edition of our policy.

**18. Waiver or Change of Policy Provisions.** A waiver or change of a provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination will not waive any of our rights.

**19. Assignment.** Assignment of this policy will not be valid unless we give our written consent.

**20. Death.** If you die, we insure:

  a. your legal representatives but only with respect to the property of the deceased covered under the policy at the time of death;

  b. with respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

**21. Nuclear Hazard Clause.**

  a. "Nuclear Hazard" means any nuclear reaction, radiation or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these.

  b. Loss caused by the nuclear hazard will not be considered loss caused by fire, explosion, or smoke, whether these perils are specifically named in or otherwise included within the Perils Insured Against.

  c. This policy does not apply to loss caused directly or indirectly by nuclear hazard, except that direct loss by fire resulting from the nuclear hazard is covered.

**22. Recovered Property.** If you or we recover any property for which we have made payment under this policy, you or we will notify the other of the recovery. At your option, the property will be returned to or retained by you or it will become our property. If the recovered property is returned to or retained by you, the loss payment will be adjusted on the amount you received for the recovered property.

**23. Volcanic Eruption Period.** One or more volcanic eruptions that occur within a 72-hour period will be considered as one volcanic eruption.

# TEXAS SERVICE OF SUIT

It is agreed that Empire Indemnity Insurance Company (herein called the "Company") may be sued on any cause of action arising in this state under any surplus lines insurance contract issued by it pursuant to the procedures provided by this state for unauthorized insurers.

Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, the Company hereby designates the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured (or reinsured) or any beneficiary hereunder arising out of this contract of insurance (or reinsurance).

Service of process in such suit may be made upon Dennis A. Webber, Webber Insurance Agency, 4200 S. Hulen, Suite 529, Fort Worth, TX 76109.  In any suit instituted against any one of them upon this contract, the Company will abide by the final decision of such Court or of any appellate Court in the event of an appeal.

The above named are authorized and directed to accept service of process on behalf of the Company in any such suit and/or upon the request of the insured (or reinsured) to give a written undertaking to the insured (or reinsured) that they will enter a general appearance upon the Company's behalf in the event such a suit shall be instituted.

**All other terms, conditions, and agreements shall remain unchanged.**

# IMPORTANT NOTICE

To obtain information or make a complaint:

You may call the company's toll-free telephone number for information or to make a complaint at

**800-310-4287**

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at

**1-800-252-3439**

You may write the Texas Department of Insurance

P.O. Box 149104
Austin, TX 78714-9104
FAX # (512) 475-1771

**PREMIUM OR CLAIM DISPUTES:** Should you have a dispute concerning your premium or about a claim, you should contact the company first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

**ATTACH THIS NOTICE TO YOUR POLICY:** This notice is for information only and does not become a part or condition of the attached document.

# AVISO IMPORTANTE

Para obtener información o para someter una queja:

Usted puede lamar al número de teléfono gratis de la compania para información o para someter una queja al

**800-310-4287**

Puedo comunicarse con el Departamento de Seguros de Texas para obtener información acerca de companias, coberturas, derechos o quejas al

**1-800-252-3439**

Puede escribir al Departamento de Seguros de Texas

P.O. Box 149104
Austin, TX 78714-9104
FAX # (512) 475-1771

**DISPUTAS SOBRE PRIMAS O RECLAMOS:** Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con la compania primero. Si no se resuelve la disputa, puede entonces comunicarse con el departamento (TDI).

**UNA ESTE AVISO A SU POLIZA:** Este aviso es solo para propósito de información y no se convierte en parte o condición del documento adjunto.

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## MOLD OR FUNGI EXCLUSION

This endorsement modifies coverage provided under the Dwelling Coverage Form.  The following provisions apply to your policy.

Under "Perils Insured Against," "Coverage A and B Dwelling and Other Structures," Item 2., g., (3), **the following provision is deleted in its entirety:**

    g.(3)    Smog, rust or other corrosion, mold, wet or dry rot;

**and is replaced by the following:**

    g.(3)    Smog, rust or other corrosion, mold or other fungi, or wet or dry rot.  This policy specifically excludes coverage for losses caused by or resulting from mold or other fungi, or wet or dry rot, which results directly or indirectly from either a covered or an excluded peril.  We will not pay for the costs of testing, monitoring, abating, mitigating, removing, remediating, or disposing of mold or other fungi, or wet or dry rot.  We will not be responsible for any supervision, instruction, recommendation, warning, or advice given or which should have been given or any obligation to share with or repay someone who must pay damages because of such injury or damage.

All other terms and conditions of this policy remain unchanged.

RP2000 1001                                    Empire Indemnity Insurance Company

Citation for Personal Service  _– BY CERTIFIED MAIL_    Lit. Seq. # 5.003.01

No. 2003-06-002913-G          **ORIGINAL**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: ZC STERLING INSURANCE AGENCY INC.
SERVING ITS REGISTERED AGENT
BECKY A. LGO
5700 W. PLANO PARKWAY, STE. 1000
PLANO, TEXAS 75093

the       DEFENDANT       , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said       PETITION       was filed on JUNE 03, 2003 . A copy of same accompanies this citation.

The file number of said suit being No. 2003-06-002913-G.

The style of the case is:

DARRELL L. HOLLAND
VS.
ZC STERLING INSURANCE AGENCY INC. ET AL

Said petition was filed in said court by       RICARDO M ADOBBATI
(Attorney for       PLAINTIFF       ), whose address is
134 E PRICE RD. BROWNSVILLE TEXAS  78521

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the _3rd_ day of _____

---

**U.S. Postal Service**
**CERTIFIED MAIL.. RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com.

7002 2410 0000 9582 1935

Sent to:
ZC STERLING INC. AGENCY INC.
5700 W. PLANO PARKWAY, STE. 1000
PLANO, TEXAS 75093

PS Form 3800, June 2002

---

COMPLETE THIS SECTION ON DELIVERY

to:
INS. AGENCY INC.
BECKY A. LGO
NO PARKWAY, STE. 1000
S 75093

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)    ☐ Yes

7002 2410 0000 9582 1935

Domestic Return Receipt

JUN 1 0 2003

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

| NAME OF PREPARER | | TITLE |
| --- | --- | --- |
| ADDRESS | | |
| CITY | STATE | ZIP |

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the __3rd__ of

__JUNE___ __2003__, I mailed to

__ZC STERLING INSURANCE AGENCY INC.___

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.     95821935
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA___ , District Clerk
Cameron County, Texas

By: _Jessica Alvarez_   Deputy

**AURORA DE LA GARZA**

**DISTRICT CLERK**
974 E. HARRISON STREET
BROWNSVILLE, TEXAS 78520
(956) 544-0838 - Fax (956) 544-0841

# FAX TRANSMITTAL

| | |
|---|---|
| TO: _____ | DATE: _7-1-03_ |
| _____ | Number of pages including cover sheet: _3_ |
| FAX: _(361) 882-9437_ | PHONE NO.: _(361) 881-9217_ |

FROM: _Gilbert_

Phone: (956) 544-0838 - Ext. _260_  Fax: (956) 544-0841
e-mail: dclerk@co.cameron.tx.us

Cause No: _2003-06-2913-G_
Style: _____ vs _____

| Fees: | Incoming Fax | Outgoing Fax | |
|---|---|---|---|
| | First Page  $2.00 | First Page  $4.25 | Amount Due: _____ |
| | Add'l Pages  $1.00 | Add'l Pages  $2.25 | |

## REMARKS:

☐ Urgent          ☐ For your review          ☐ Reply ASAP          ☐ Please comment

_____
_____
_____
_____
_____
_____

If there are any problems with this transmission, please contact the person listed above.

Citation for Personal Service - BY CERTIFIED MAIL    Lit. Seq. # 2.003.01

No. <u>2003-06-002913-G</u>

**COPY**

# T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.


TO: ZC STERLING INSURANCE AGENCY INC.
    SERVING ITS REGISTERED AGENT
    BECKY A. LGO
    5700 W. PLANO PARKWAY,STE.1000
    PLANO, TEXAS 75093

the _____ DEFENDANT _____ , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on _____ JUNE 03, 2003 _____ .  A copy of same accompanies this citation.

The file number of said suit being No. 2003-06-002913-G.

The style of the case is:

                    DARRELL L. HOLLAND
                          VS.
          ZC STERLING INSURANCE AGENCY INC. ET AL

Said petition was filed in said court by _____ RICARDO M ADOBBATI
(Attorney for _____ PLAINTIFF _____ ), whose address is
134 E PRICE RD. BROWNSVILLE TEXAS  78521 _____ .

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 3rd day of _____ JUNE _____ , A.D. 2003.

              AURORA DE LA GARZA    DISTRICT CLERK
              Cameron County, Texas
              974 E. Harrison St.
              Brownsville, Texas 78521

              By: _____  Deputy

CERTIFICATE OF DELIVERY OF MAIL

<table>
<tr><td>ATTACH RETURN RECEIPTS WITH<br>ADDRESSEE'S SIGNATURE<br><br>Rule 106 (a)(2): The citation<br>shall be served by mailing to<br>the defendant by Certified Mail,<br>Return Receipt Requested, a true<br>copy of the citation.<br><br>Sec. 17.027, Rules of Civil<br>Practice and Remedies Code, if<br>not prepared by Clerk of Court.</td><td>I hereby certify that on the <u>3rd</u> of<br><u>JUNE</u>  <u>2003</u>,  I mailed to<br><u>ZC STERLING INSURANCE AGENCY INC.</u><br>by registered mail or certified mail, with<br>delivery restricted to addressee only,<br>return receipt requested, a true copy of<br>this citation with a copy of the petition<br>attached hereto.</td></tr>
</table>

NAME OF PREPARER        TITLE

ADDRESS

CITY        STATE        ZIP

CERTIFIED MAIL NO. _____95821935___
RETURN RECEIPT REQUESTED.
DELIVER TO ADDRESSEE ONLY

  AURORA DE LA GARZA   District Clerk
Cameron County, Texas

By: _____ Deputy

ZC STERLING INSURANCE
INC, EMPIRE INDEMNITY INSURANCE
COMPANY        Defendants.

§
§

**PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **DARRELL HOLLAND AND BOBBY HOLLAND**, Plaintiffs herein,
and file this their Original Petition against the above-named Defendants, and for cause of action
respectfully show the Court the following:

**I.**

**DISCOVERY LEVEL**  and to be conducted under Level 3.

CAUSE NO. *2003-06-2913-C1*

| | | |
|---|---|---|
| DARRELL L. HOLLAND | § | IN THE DISTRICT COURT OF |
| and BOBBIE HOLLAND | § | |
| Plaintiffs, | § | |
| | § | CAMERON COUNTY |
| | § | |
| ZC STERLING INSURANCE AGENCY | § | |
| INC, EMPIRE INDEMNITY INSURANCE | § | |
| COMPANY | § | |
| Defendants. | § | 404 _____ JUDICIAL DISTRICT |



## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **DARRELL HOLLAND AND BOBBY HOLLAND**, Plaintiffs herein,

and file this their Original Petition against the above-named Defendants, and for cause of action

would respectfully show the Court the following:

### I.

### DISCOVERY LEVEL

Pursuant to Rule 190, T.R.C.P., discovery is intended to be conducted under Level 3.

### II.

### PARTIES

1.    Plaintiffs are residents of Cameron County, Texas.

2.    Defendant **ZC STERLING INSURANCE AGENCY, INC.** is a Texas insurance

corporation. Service of process upon defendant may be accomplished by serving

their registered agent for service: **Becky A. Lgo, 5700 W. Plano Parkway, Suite**

**1000, Plano, Texas 75093**

3.    Defendant **EMPIRE INDEMNITY INSURANCE COMPANY** is a corporation doing

business in the state of Texas and may be served by serving **The Commissioner**

Empire Indemnity Insurance Company's address is **13810 W. Plano Parkway, Suite 1000, Plano, Texas 75093.**

### III.

### VENUE

Venue is proper in Cameron County, in that all or part of Plaintiffs' causes of action accrued in this county and the property which is the subject of this suit is located in such county. This Honorable Court has jurisdiction of the case, and the Plaintiffs hereby invoke the unlimited monetary jurisdiction of this Court by filing the suit with the District Clerk according to state law and local rules.

### IV.

### FACTS OF CASE

Suit is brought pursuant to Texas common law and Articles 21.21 and 21.55 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Additionally, this suit is brought for breach of contract, and for recovery under a policy of insurance. Plaintiffs are consumers for purposes of this action in that they purchased insurance from said defendants along with service to be provided by them. Defendants qualify as merchants pursuant to Texas law. Each Defendant is an "individual, corporation, association, partnership, or other legal entity engaged in the business of insurance." Such Defendants constitute persons as that term is defined in Article 21.21, Section 2 of the Texas Insurance Code.

### V.

Defendant, Empire Indemnity Insurance Company/ZC Sterling Insurance Agency Inc., are Plaintiffs' homeowner's insurance company. Plaintiffs' own and/or reside in a dwelling at 21 Casa de Palmas, Brownsville, Cameron County, Texas. Defendants provided coverage to the

Plaintiffs for such dwelling, personal property, and other matters under insurance policies described above. During the policy period, Plaintiffs sustained covered losses in the form of water leaks and discharges, and damages resulting therefrom, including, but not limited to damage to the structural and cosmetic finishes of the home. Plaintiffs promptly reported same to Defendants pursuant to the terms of the insurance policy.

## VI.

The Plaintiffs discovered water damage, and resulting damages there from to their home and property. As a result, Plaintiffs' home and property sustained damage to the areas of the home including, but not limited to, the cost of destruction and restoration of the home necessary to access, remediate, repair the leaks, and restore the house. These constituted covered damages under Plaintiffs' homeowner's insurance policy with the Defendant.

## VII.

The Carrier Defendant and their agents visited and inspected Plaintiffs' property at 21 Casa de Palmas, Brownsville, Cameron County, Texas, in connection with the Plaintiffs' claim of property damage. Carrier Defendant knew or should have known, that Plaintiffs had already sustained significant damage to the property, requiring significant repairs as a result of a loss and peril covered by the insurance policies. They were also made aware of the need to perform repairs to the different leaks, which would result in covered remediation and restoration of portions of the property covered. The Carrier Defendant knew that a substantial covered loss was owed. Nonetheless, they denied, delayed, and failed to pay a reasonable amount for said repairs. They further failed to properly investigate some or all of Plaintiffs' covered claims with no reasonable basis for such denial. They have failed to act promptly or to conduct a good faith investigation. This delay and/or denial is in bad faith and a violation of Articles 21.21 and 21.55

of the Texas Insurance Code and the Deceptive Trade Practices Act.  Plaintiffs file this bad faith

claim as a result of same.

## VIII.

### CONDITIONS PRECEDENT

Despite the fact that all conditions precedent to Plaintiffs' recovery have been performed

or have occurred, Defendants failed and refused to pay the Plaintiffs a just amount in accordance

with their contractual obligations, agreements, and representations.

## IX.

Such denial, delay, refusal and/or failure to pay by the Carrier Defendant was in bad

faith, and constitutes a breach of the covenant of good faith and fair dealing, which breach was a

proximate cause of damages to the Plaintiffs more specifically set forth herein below.  There was

no reasonable basis for denying, delaying, or failing to pay or investigate Plaintiffs' claim for

damage, and the Carrier Defendant and its agents named herein knew or should have known that

there was no such reasonable basis to deny, delay, and fail to pay such claims.

The conduct of the Defendants was irresponsible, unconscionable, and they took

advantage of the Plaintiffs' position to a grossly unfair degree.  As a result of the above, the

conduct of the Defendants amount to one or more of the following:

(a)  not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear in violation of Art. 21.21, Section 4(10)(a)(ii);

(b)  refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of Art. 21.21, Section (4)(10)(a)(viii);

( c)  failing to handle or process the Plaintiffs' claims in good faith; in violation of common law as expressly stated by the Texas Supreme Court in Vail v. Texas Farm Bureau, 754 S.W.2d 129 at 135 (Tex. 1988).

(d)  committing a course of conduct that is unconscionable;

(e) omitting information or making false implications or impressions that were either misleading, deceptive or had the capacity to be misleading or deceptive in violation of 21.21, Section 4(11);

(f) refusing to pay a claim without a reasonable basis in violation of common         law;

(f) delaying payment of a claim without a reasonable basis in violation of common law;

(g) denying and/or delaying payment of a claim without determining whether there is any reasonable basis to do so in violation of common law;

(h) representing that goods or services have sponsorship, approval, characteristics, uses, benefits or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not;

(i) representing that goods or services are of a particular standard , quality, grade, or that goods are of a particular style or model, if they are of another;

(j) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(k) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

(l) violations of Art. 21.21 Tex. Ins. Code, including, but not limited to, Section 4, Subsections (11) and (10(a)(i), in that they misrepresented the terms of the policy; or

(m) other violations of law.

## X.

### TEXAS INSURANCE CODE AND DECEPTIVE TRADE PRACTICES ACT.

As stated above, the conduct of Defendants constitute violations of Article 21.21, et seq. of the Texas Insurance Code. Such violations include, but are not limited to, violations of the rules and regulations lawfully adopted by the State Board of Insurance under Article 21.21 of the Texas Insurance Code, including unfair methods of competition and/or unfair or deceptive acts

or practices in the business of insurance.    In addition, the actions of the Defendants violate Article 21.21, Section 4 of the Texas Insurance Code.  They also violate the Texas Insurance Code, specifically Section 16, in that they constitute practices defined by Section 17.46 of the Texas Business and Commerce Code, as amended, as unlawful deceptive trade practices.  Such conduct also constitutes claims handling in bad faith and with no intent to resolve disputes for the benefit of the insured.  All statutory causes of action, including those arising under the Texas Insurance Code are hereby asserted against all Defendants.

## XI.

### DAMAGES

As a result of all such conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court.    In addition, the conduct of the Carrier Defendant was committed knowingly, and under circumstances constituting willful and wanton and reckless disregard of the rights of the Plaintiffs, and others similarly situated.  Such conduct of the Defendants was negligent.  The conduct of one or more Defendants further constituted misrepresentations of fact.  The conduct of the Defendants proximately caused the injuries and damages to the Plaintiffs for which they herein sue.  Plaintiffs seek all damages as allowed by law from the Defendants.

## XII.

### BREACH OF CONTRACT

Carrier Defendant has by its conduct breached their contract of insurance with the Plaintiffs.  Such breach proximately caused damages to the Plaintiffs.  In addition, Plaintiffs are entitled to recover attorney's fees in connection with their contractual causes of action. Defendants have made actionable fraudulent misrepresentations to Plaintiffs.

## XIII.

### NOTICE

All of the conditions precedent to bringing this suit under the policy and to the Defendant's liability to the Plaintiffs under the policy for the claims alleged have been performed or have occurred. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to the Texas Deceptive Trade Practices Act and/or Texas Insurance Code, Article 21.21, et seq., were sent to each of the Defendant, or compliance with said notice is excused. All notices and proofs of loss were timely and properly given in such manner as to fully comply with the terms and conditions of the relevant insurance policies and applicable law. In the alternative, Plaintiffs allege that as to any such terms, conditions, notices, or requirements, the Defendant waived them, the Defendant are estopped from asserting them, and/or the plaintiffs substantially complied with them. Plaintiffs make the same allegations of waiver or estoppel as to every defense or exclusion pleaded by the Defendant, and as to each claim for breach of contract or statutory violation as to each Defendant.

## XV.

### JURY TRIAL

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs herein request a jury trial and along with the filing of the Original Petition, tendered to the Clerk of the Court the statutory jury fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial of this matter, the Court grant:

a.     Judgment against the Defendant, and each of them;

b.     Actual damages;

c.    Attorney's fees;

d.    Costs of suit;

e.    Statutory penalties;

f.    Statutory damages as allowed by the Deceptive Trade Practices Act and Texas

Insurance Code.

g.    Prejudgment and post judgment interest as allowed by law;

h.    Any additional damages and punitive damages under the facts set forth in this or
any amended pleading.

i.    Such other and further relief to which Plaintiffs may show themselves entitled.

Respectfully Submitted,

LAW OFFICES OF RICARDO M. ADOBBATI

By: _____
     HON. RICARDO M. ADOBBATI
     State Bar No. 00790208
     Cameron County I.D. #442401
     Fed I.D. #18158

ATTORNEY FOR PLAINTIFF(S)

134 East Price Road
Brownsville, Texas 78521
(956) 544-6882
(956) 544-6883 FAX

AURORA DE LA GARZA DIST. CLERK

JUL 0 1 2003

DISTRICT COURT OF CAMERON COUNTY

CAUSE NO. 2003-06-002913-G

| | | |
|---|---|---|
| DARRELL L. HOLLAND | § | IN THE DISTRICT COURT |
| and BOBBIE HOLLAND, | § | |
| **Plaintiffs** | § | |
| | § | |
| VS. | § | CAMERON COUNTY T E X A S |
| | § | |
| | § | |
| ZC STERLING INSURANCE AGENCY | § | |
| INC., EMPIRE INDEMNITY INSURANCE | § | |
| COMPANY, | § | |
| **Defendants** | § | 404th JUDICIAL DISTRICT |

## DEFENDANTS ZC STERLING INSURANCE AGENCY AND EMPIRE INDEMNITY INSURANCE COMPANY'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT**:

NOW COME   ZC STERLING INSURANCE AGENCY, INC. AND EMPIRE INDEMNITY INSURANCE COMPANY, Defendants in the above styled and numbered cause, and file this their Original Answer, saying:

### I.

Subject to such stipulations and admissions as may be made hereinafter, Defendants assert a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendants respectfully request that Plaintiffs be required to prove the charges and allegations made against Defendants by a preponderance of the evidence as is required by the Constitution and Laws of the State of Texas.

*Defendants ZC Sterling Insurance Agency, Inc. and*
*Empire Indemnity Insurance Company*
*Original Answer*
*Page 1*

RECEIVED

JUL 0 3 2003

BARKER LEON,

## II.

Pleading in the alternative if the same be necessary, Defendants would show that the loss allegedly sustained by the plaintiffs is not a covered loss. The following Exclusions and Endorsement under Policy No. RFR721559-1 apply:

**"PERILS INSURED AGAINST**

### COVERAGE A - DWELLING and COVERAGE B - OTHER STRUCTURE

We insure against risk of direct loss to property described in Coverage's A and B only if that loss is a physical loss to property; however, we do insure loss:

2.      Caused by:

      g.      (1)      wear and tear, marring, deterioration;
            (2)      inherent vice, latent defect, mechanical breakdown;
            (3)      smog, rust or other corrosion, mold wet or dry rot;
            (6)      settling, shrinking, bulging or expansion, including resultant cracking of pavements, patios, foundations, walls floors, roofs or ceilings;

### GENERAL EXCLUSIONS:

1.      We do not insure for loss caused directly or indirectly by any of the following: Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

      c.      Water Damage, meaning:
            (1)      flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;
            (2)      water which backs up through sewers or drains or which overflows from a sump; or
            (3)      water below the surface of the ground including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

*Defendants ZC Sterling Insurance Agency, Inc. and*
*Empire Indemnity Insurance Company*
*Original Answer*
*–  Page 2*

2.    We do not insure for loss to property described in Coverage's A and B caused by any of the following: However, any ensuing loss to property described in Coverage's A and B not excluded or excepted in this policy is covered.

c.    Faulty, inadequate or defective;

(1)    planning, zoning, development, surveying, siting;
(2)    design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
(3)    materials used in repair, construction, renovation or remodeling; or
(4)    maintenance;

### MOLD OR FUNGI EXCLUSION

This endorsement modifies coverage provided under the Dwelling Coverage Form. The following provisions apply to your policy:

Under "Perils Insured Against," "Coverage A and B Dwelling and Other Structures," Item 2., g., (3), **the following provision is deleted in its entirety:**

g.(3)    Smog, rust or other corrosion, mold, wet or dry rot;

**and is replaced by the following:**

g.(3)    Smog, rust or other corrosion, mold or other fungi, or wet or dry rot. This policy specifically excludes coverage for losses caused by or resulting from mold or other fungi, or wet or dry rot, which results directly or indirectly from either a covered or an excluded peril. We will not pay for the costs of testing, monitoring, abating, mitigating, removing, remediating, or disposing of mold or other fungi, or wet or dry rot. We will not be responsible for any supervision, instruction, recommendation, warning, or advise given or which should have been given or any obligation to share with or repay someone who must pay damages because of such injury or damage.

All other terms and conditions of this policy remain unchanged."

WHEREFORE, PREMISES CONSIDERED, Defendants **ZC STERLING INSURANCE**

**AGENCY, INC. AND EMPIRE INDEMNITY INSURANCE COMPANY** pray that upon a final

hearing hereof, Plaintiffs  recover nothing of and from Defendants  and that the Court enter a

*Defendants ZC Sterling Insurance Agency, Inc. and*
*Empire Indemnity Insurance Company*
*Original Answer*
*–    Page 3*

judgment that Defendants go hence without day with all costs of Court and expenses incurred herein,

and for all such further relief, general, special, legal, and equitable which might be appropriate.

Respectfully submitted,

**BARKER, LEON, FANCHER
& MATTHYS, L.L.P.**
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437

Roland L. Leon
State Bar No. 12207400
Attorneys for Defendants
**ZC STERLING INSURANCE AGENCY, INC.
EMPIRE INDEMNITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been

served in accordance with the Texas Rules of Civil Procedure on this the 21th day of June

2003, to all counsel of record as follows:

Ricardo M. Adobbati
**LAW OFFICES OF RICARDO M. ADOBBATI**
134 East Price Road
Brownsville, TX 78521

Roland L. Leon

*Defendants ZC Sterling Insurance Agency, Inc. and*
*Empire Indemnity Insurance Company*
*Original Answer*
*–    Page 4*

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **DARRELL L. HOLLAND and BOBBIE** | § | |
| **HOLLAND, PLAINTIFFS** | § | |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| | § | |
| **ZC STERLING INSURANCE AGENCY,** | § | |
| **INC., EMPIRE INDEMNITY INSURANCE** | § | |
| **COMPANY, DEFENDANTS** | § | |

## COUNSEL OF RECORD

1.  <u>Attorney in Charge for Plaintiffs</u>:

    Ricardo M. Adobbati
    State Bar No.: 00790208
    Fed I.D. 18158
    **LAW OFFICES OF RICARDO M. ADOBBATI**
    134 East Price Road
    Brownsville, TX 78521
    Telephone: (956) 544-6882
    Facsimile:  (956) 544-6883

2.  <u>Attorney in Charge for Defendants</u>:

    Roland L. Leon
    State Bar No.: 12207400
    Federal ID: 5683
    **BARKER, LEON, FANCHER**
    **& MATTHYS, L.L.P.**
    Tower II - Suite 1200
    555 N. Carancahua St.
    Corpus Christi, Texas 78478
    Telephone: (361) 881-9217
    Facsimile: (361) 882-9437

# JURY

## CIVIL DOCKET - JUDGE'S ENTRIES

### RULE 26-TRCP

RUN DATE
RUN TIME

PAGE: 01

CASE NO. 2003-06-002913-G

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|
| | | | MONTH | DAY | YEAR |
| DARRELL L. HOLLAND | 00442401 RICARDO M ADOBBATI 154 E PRICE RD. BROWNSVILLE TEXAS    78521 0000 | (06) | 06 | 03 | 03 |
| VS | | DECEPTIVE TRADE PRACTICES | | | |
| 2C STERLING INSURANCE AGENCY INC. ET AL | | | JURY FEE $ | | |
| | | | PAID BY | | |

| DATE OF ORDERS | COURT'S DOCKET (Rule 26, TRCP) |
|---|---|
| | |

RUN DATE 07/03/03                          * * * C L E R K ' S   E N T R I E S * * *                    PAGE: 21
RUN TIME 3:38 PM                                                                                        2003-06-002913-G

DARRELL L. HOLLAND

VS

ZC STERLING INSURANCE AGENCY INC. ET AL

0C442401                                                                    (06)              06     03   03
RICARDO M ADOBBATI
134 E PRICE RD.
BROWNSVILLE TEXAS        78521 0000

00477801                                          DECEPTIVE TRADE PRACTICES
HON. CINDY A. GARCIA
201 NORTH FIRST STREET                                                                               30.00
HARLINGEN TEXAS          78550 0000

                                                                                             RICARDO M ADOBBATI

06/03/03    ORIGINAL PETITION FILED
06/03/03    CITATION (CM): ZC STERLING INSURANCE
            AGENCY INC.
06/03/03    SERVED: 06/09/03            FILED: 06/12/03
06/03/03    CITATION COMM. OF INSUR. (CM): EMPIRE
            INDEMNITY INSURANCE COMPANY
06/03/03    SERVED: UNSERVED            FILED: 06/16/03
06/03/03    JURY FEE: PG  by RICARDO M ADOBBATI
06/18/03    CITATION COMM. OF INSUR. (CM): EMPIRE
            INDEMNITY INSURANCE COMPANY
06/18/03    SERVED: 06/23/03            FILED: 06/27/03
06/27/03    ORIGINAL ANSWER: ZC STERLING INSURANCE
            AGENCY INC.
06/27/03    ORIGINAL ANSWER: EMPIRE INDEMNITY
            INSURANCE COMPANY
07/03/03    MTN FOR WITHDRAWL OF COUNSEL(GARCIA)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DARRELL L. HOLLAND and BOBBIE HOLLAND, PLAINTIFFS | §<br>§<br>§<br>§<br>§ | **B-03-121** |
| VS. | §<br>§<br>§ | CIVIL ACTION NO. _____ |
| ZC STERLING INSURANCE AGENCY, INC., EMPIRE INDEMNITY INSURANCE COMPANY, DEFENDANTS | §<br>§<br>§<br>§ | |

**DEFENDANTS ZC STERLING INSURANCE AGENCY, INC.'S AND EMPIRE INDEMNITY INSURANCE COMPANY'S INDEX OF DOCUMENTS BEING FILED WITH THE UNITED STATES DISTRICT COURT**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:**

In connection with the removal of the above numbered cause from the 404th Judicial District Court, Cameron County, Texas, Defendants ZC Sterling Insurance Agency, Inc. and Empire Indemnity Insurance Company have filed in connection with the removal of this action all executed process, all pleadings asserting causes of action and all answers to those causes of action, all orders signed by the state judge, an index of matters being filed, and a list of all counsel of record.

The specific matters filed are:

1.      List of All Parties;

2.      Civil Cover Sheet JS 44

3.      List of Counsel of Record;

4.    Copy of the Court's Docket Sheet;

5.    Copy of Plaintiffs' Original Petition (Complaint);

6.    Original Answer of Defendant; and

7.    Copy of Executed Process on Defendant ZC Sterling Insurance Agency, Inc. (Program

Manager for Defendant Empire Indemnity Insurance Company).

Respectfully submitted,

**BARKER, LEON, FANCHER
& MATTHYS, L.L.P.**
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437

Roland L. Leon
State Bar No. 12207400
Attorneys for Defendants
**ZC STERLING INSURANCE AGENCY, INC.
EMPIRE INDEMNITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been

served in accordance with the Texas Rules of Civil Procedure on this the _____ day of _____

2003, to all counsel of record as follows:

Ricardo M. Adobbati
**LAW OFFICES OF RICARDO M. ADOBBATI**
134 East Price Road
Brownsville, TX 78521

Roland L. Leon

Index of Documents Being Filed withState Court- Page 3