IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DARRELL L. HOLLAND | § | |
| and BOBBIE HOLLAND | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. B-03-121 |
| | § | |
| ZC STERLING INSURANCE AGENCY | § | |
| INC, EMPIRE INDEMNITY INSURANCE | § | |
| COMPANY | § | |
| Defendants. | § | |

## JOINT REPORT OF THE MEETING & JOINT DISCOVERY/ CASE MANAGEMENT PLAN UNDER RULE 26

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Plaintiffs, Darryl Holland and Bobbie Holland, and Defendants ZC

Sterling Insurance Agency, Inc., Empire Indemnity Insurance Company, herein and pursuant to

Rule 26(f) of the Federal Rules of Civil Procedure, file this their Joint Discovery/Case

Management Plan, and in support thereof, would respectfully show the Court the following:

1. **State where and when the meeting of the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held and identify the counsel who attended for each party.**

   The Rule 26(f) meeting was held via telephone conference call on August 20, 1003 between Attorney Mr. Ricardo M. Adobbati for Plaintiff, Darryl Holland and Bobby Holland and Attorney Roland Leon for Defendants ZC Sterling Insurance Agency, Inc., and Empire Indemnity Insurance Company. All parties have reviewed this Joint Discovery/Case Management Plan.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

   None known to Plaintiffs or Defendants

1

3.    Briefly describe what this case is about.

Plaintiffs purchased a homeowner's insurance policy from Defendants. Plaintiffs sustained damages to their dwelling, including, but not limited to damage to the structural and cosmetic finishes of the home.   Plaintiffs promptly reported same to Defendants pursuant to the terms of the insurance policy. It is plaintiff's contention the damages are within the scope of the policy.

The Carrier Defendant and their agents visited and inspected Plaintiffs' property at 21 Casa de Palmas, Brownsville, Cameron County, Texas, in connection with the Plaintiffs' claim of property damage.  Carrier Defendant knew or should have known, that Plaintiffs had already sustained significant damage to the property, requiring significant repairs as a result of a loss and peril covered by the insurance policies. They were also made aware of the need to perform repairs to the different leaks, which would result in covered remediation and restoration of portions of the property covered.  The Carrier Defendant knew that a substantial covered loss was owed.  Nonetheless, they denied, delayed, and failed to pay a reasonable amount for said repairs. They further failed to properly investigate some or all of Plaintiffs' covered claims with no reasonable basis for such denial. They have failed to act promptly or to conduct a good faith investigation. This delay and/or denial is in bad faith and a violation of Articles 21.21 and 21.55 of the Texas Insurance Code and the Deceptive Trade Practices Act.  Plaintiffs filed suit as a result the actions of defendants.

Defendants deny Plaintiffs allegations.  Defendants disagree that Plaintiffs have a valid claim for breach of contract, violation of duty of good faith and fair dealing, unconscionability, violation of the Texas Deceptive Trade Practices Act, and deny violations of Articles 21.21 and 21.55 of the Texas Insurance Code.  Defendants disagree that Plaintiffs are entitled to Statutory penalties, multiple damages, attorney's fees and exemplary damages.

Defendants maintain that the loss allegedly sustained by the plaintiffs is not a covered loss.  Specifically, exclusions under the policy apply as follows:

(1)  wear and tear, marring, deterioration;

(2)  inherent vice, latent defect, mechanical breakdown;

(3)  smog, rust or other corrosion, mold wet or dry rot;

(4)  settling, shrinking,  bulging or expansion, including resultant cracking of pavements, patios, foundations walls floors, roofs or ceilings;

Defendants further maintain that the loss allegedly sustained by the plaintiffs is not a covered loss because it is a loss due to water damage.  Defendant further maintain that the loss is not a covered loss because it was due to faulty, inadequate or defective: design, specifications, workmanship, repair, construction, renovation, remodeling,

grading, compaction, materials used in repair, construction, renovation, remodeling  or maintenance.

Lastly, Defendants maintain that the loss allegedly sustained by the plaintiffs is not a covered loss because of the Mold and Fungi Exclusion.

4.    **Specify the allegation of federal jurisdiction.**

This case was originally filed in State District Court, Cameron County Texas and timely removed by Defendants pursuant to 28 U.S.C. §1332 diversity jurisdiction as Defendants alleged they were not citizens of Texas.

5.    **Name and parties who disagree with plaintiff's jurisdiction allegations and the reasons.**

At this time Plaintiffs have no manner of confirming allegations with regard to Defendants presence or residency within the State of Texas.

6.    **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiffs are unaware of any at this time.

7.    **List anticipated interventions.**

None known to Plaintiffs or Defendants.

8.    **Describe class-action issues.**

None known to Plaintiffs or Defendants.

9.    **State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

Initial disclosures have been made and will be completed by the date of the initial pretrial conference. Any remaining disclosures will be addressed through discovery requests.

10. **Describe the proposed agreed discovery plan, including:**

    a.    **Responses to all the matters raised in Rule 26(f)**

        Responses to all matters raised in Rule 26(f) will be or have been provided pursuant to this Joint Discovery Case Management Plan

    b.    **When and to whom the plaintiff anticipates it may send interrogatories.**

        Plaintiff anticipates sending Interrogatories to defendants within thirty (30) days of entry of this Order, or appearance at the Pretrial Conference, whichever is later.

    c.    **When and to whom the defendant anticipates it may send interrogatories.**

        Defendants anticipate sending Interrogatories to Plaintiffs within thirty (30) days of entry of this Order, or appearance at the Pretrial Conference, whichever is later.

    d.    **Of whom and by when the plaintiff anticipates taking oral depositions.**

        Plaintiffs anticipate taking the deposition of the Corporate Representative of Defendants as well as any other agents or employees of defendants with knowledge of the inspection of Plaintiffs home or the determination of coverage for the damages to Plaintiffs home.

    e.    **Of whom and by when the defendant anticipates taking oral depositions.**

        Defendants anticipate taking the depositions of both Plaintiffs as well as any witnesses identified by Plaintiffs with knowledge of relevant facts within 90 days of the entry of this Order.

    f.    **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

        Plaintiffs will designate experts and provide written reports ninety (90) days prior to trial. Plaintiffs will designate experts by supplementation as soon as said experts have been retained should written discovery already be propounded by Defendants by the date of retainment.

        Defendants will designate their experts and provide written reports thirty (30) days following the designation of Plaintiffs' experts.

g.   **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiffs will make all attempts to take the depositions of all retained experts by defendant thirty (30) days before trial.

h.   **List expert deposition the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendants will make all attempts to take the depositions of all Plaintiffs' retained experts thirty (30) days before trial.

10.   **If the parties are not agreed on a party of the discovery plan, describe the separate views and proposals of each party.**

Plaintiffs and Defendants agree to the discovery plan.

11.   **Specify the discovery beyond initial disclosures that has been undertaken to date.**

Plaintiffs will propound additional discovery within thirty (30) days of this order.
No discovery beyond initial disclosures has been undertaken by Defendants.

12.   **State the date the planned discovery can reasonably be completed.**

The parties anticipate discovery being completed no later than thirty (30) days before trial.

13.   **Describe the possibilities for a prompt settlement or resolution of the case and that were discussed in your Rule 26(f) meeting.**

The parties are willing and able to seek resolution of this case and are amenable to Mediation.

14.   **Describe what each party has done or agreed to do to bearing about a prompt resolution.**

The parties are undergoing the necessary investigation and discovery in order to obtain all the necessary information to approach mediation in good faith. The parties will continue to do so in an attempt to schedule mediation as soon as possible.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such technique may be effectively sued in this case.**

   The parties agree mediation appears to be the most reasonably suited alternative dispute resolution technique.

16. **Magistrate judges may now hear jury and non-jury trials.   Indicate the parties' joint position on a trial before a magistrate judge.**

   Plaintiffs are not opposed to trying this case before a Magistrate Judge.
   Defendants are opposed to trying this case before a Magistrate Judge.

17. **State whether a jury demand has been made and if it was made on  time.**

   Plaintiffs and Defendants requested a jury.

18. **Specify the number of hours it will take to present the evidence in this case.**

   Discovery is far from complete in this matter and as a result, it is somewhat difficult to ascertain.   At this time, based on the number of witnesses to the incident, Plaintiffs and Defendants would anticipate between 25-30 hours for presentation of entire case without including jury selection.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   No other motions are pending at this time.

20. **List other motions pending.**

   None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

   None.

22.    **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Counsel for Plaintiff:
Mr. Ricardo M. Adobbati, Esq.
Of Counsel
State Bar No. 00790208
Federal Adm. No. 18158

Counsel for Defendants:
Mr. Roland L. Leon, Esq.
*Barker, Leon, Fancher & Matthys, L.L.P.*
Tower II – Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
State Bar No. 12207400
Federal ID No. 5683

Signed on this the ____ day of August, 2003.

Respectfully submitted,
LAW OFFICES OF RICARDO M. ADOBBATI
134 E. Price Road
Brownsville, Texas  78521
Telephone No. (956) 544-6882
Facsimile No. (956) 544-6883


By:_____
       Ricardo M. Adobbati,
       State Bar No. 00790208
       Federal Adm. No. 18158
       Attorney for Plaintiffs


BARKER, LEON, FANCHER & MATTHYS, L.L.P.
Tower II – Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217
(361) 882-9437


By_____ By Permission.
       Roland L. Leon
       State Bar No. 12207400
       Federal ID No. 5683
       Attorney for Defendants

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been delivered to all parties and/or counsel of record, via Certified Mail, Return Receipt Requested, on this ___ day of August, 2003 to the following:

      Hon. Roland L. Leon
      Barker, Leon, Fancher & Matthys, L.L.P.
      Tower II – Suite 1200
      555 N. Carancahua St.
      Corpus Christi, Texas 78478
      State Bar No. 12207400

_____

Ricardo M. Adobbati